**C. M. HALE t/a C. M. Hale Co., and John D. Poole, Appellants,**

v.

**Harry FRIEDMAN and Eleanor B. Friedman, Appellees.**

**No. 15598.**

United States Court of Appeals District of Columbia Circuit.

Argued June 6, 1960.

Decided June 30, 1960.

Mr. John B. Cullen, Washington, D. C., with whom Mr. John M. McInerney, Bethesda, Md., was on the brief, for appellants.

Mr. Maurice Friedman, Washington, D. C., for appellees.

Before PRETTYMAN, Chief Judge, and DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

On October 18, 1956, the parties to this appeal entered into a contract whereby appellant Hale agreed to erect a dwelling for appellees in the District of Columbia. Work was commenced in December of that year and continued to a point where Hale contends the next to last payment was due him. Throughout the building period, numerous disputes arose. Appellees claimed the work was not being properly performed, nor on time. Hale claimed that because of changes made in the original plans, the work was delayed, resulting in increased costs to him, and further claimed that appellees had failed to make payments as they became due.

As a consequence of these disputes, each of the parties to the contract in-

formed the other that he considered the contract breached. Hale thereafter filed a mechanic's lien, claiming a balance of $12,957.69 due under the contract. Thereafter, he filed a complaint, subsequently amended, in the District Court to foreclose the lien. Appellees filed a counter-claim, alleging losses and damages in the amount of $15,000.00 for the alleged failure and refusal of Hale to perform the contract. Appellees further filed a cross-claim against John D. Poole, surety on a performance bond, alleging that he was jointly and severally liable with Hale in the above stated amount of $15,000.00.

Upon consideration of the fact that the contract here involved provided for arbitration in the event of dispute, the District Court, on December 2, 1958, entered an order, consented to by counsel for the respective parties, which reads in material part as follows:

"Ordered that the issues involved in the Amended Complaint, Counter-claim and Cross-Claim of the parties to the above cause be and the same hereby are referred to the American Arbitration Association for arbitration, said arbitration to be conducted in accordance with the rules of the American Arbitration Association; * * *

* * * * * *

"Ordered that the award of the arbitrator or arbitrators shall be filed with the Clerk of this Court and may be entered as a final judgment of this Court; * * * *"

Further, the order stayed the action in the District Court pending the award of the arbitrator.

After extensive hearings, the arbitrator selected by the American Arbitration Association submitted his "Award of Arbitration," dated October 15, 1959, wherein he found that Hale "owes Respondents, Harry Friedman and Eleanor B. Friedman, for the consequences of non-completion by the Claimant, C. M. Hale Co. [Hale], consisting of the extra costs to complete incurred by Respond-

ents plus damages," the sum of $7,984.95. He further found that "Respondents, Harry Friedman and Eleanor B. Friedman, owe Claimant, C. M. Hale Co., for labor and materials furnished," the sum of $3,497.15. He thereupon concluded that "Claimant, C. M. Hale Co., shall pay to Respondents, Harry Friedman and Eleanor B. Friedman, the difference in the above amounts, namely $4,487.80."

On November 3, 1959, appellees filed a motion to enter the award as a final judgment. The motion was granted on November 18, 1959, and this appeal followed.

The sole issue raised on appeal is whether the award is a sufficient basis for entry of a final judgment, as it solely states an amount of money due "without stating reasons and facts upon which the final figure was reached, and without stating conclusions of law on disputed theories." No misconduct or malfeasance on the part of the arbitrator is alleged.

Hale argues that the arbitration proceeding was governed by the applicable sections of Title 16, §§ 1701–1719, of the D.C.Code, dealing with the referral of issues to a referee, and particularly by § 1706, which requires the referee to submit findings of fact and conclusions of law.

For purposes of the instant case, it is immaterial whether or not we find that technically the arbitration proceeding did in fact come within Title 16, or whether the findings should have been more detailed. The order, agreed to by all parties, explicitly provided that the arbitration was "to be conducted in accordance with the rules of the American Arbitration Association." Section 41 of the rules of that Association reads:

"Form. The award shall be in writing and shall be signed either by the sole arbitrator or by a majority if there be more than one. It shall be executed in the manner required by law."

■■ We think the parties are bound by the order to which they agreed. The rules of the American Arbitration As-

sociation do not provide for detailed findings of fact and conclusions of law. For us to find for appellants, we would have to hold that those rules do implicitly provide for such detailed findings when the arbitration occurs in the District of Columbia. This would be equivalent to holding that the Association is bound to comply with the statutory rules respecting arbitration in whatever jurisdiction the controversy arises. This is obviously impossible. Further, the provision in the rules of the Association that the award shall be "executed" in accordance with law does not require the making of findings or the giving of reasons. Cf. Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956).

Had the cause been referred to a referee or arbitrator under Title 16, §§ 1701–1719, of the D.C.Code, or Title 9 of the U.S.C., § 1 et seq., or Fed.R.Civ.P. 53, 28 U.S.C., a different result might be called for but, as stated, we need not pass on this point.

Under the circumstances of this case, the judgment of the District Court must be and is

Affirmed.