BARBARA J. FAZIO *vs.* THE EMPLOYERS' LIABILITY
ASSURANCE CORPORATION, LTD.

Essex.     March 3, 1964. — April 3, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Arbitration. Insurance,* Protection against uninsured motorists.

Where, upon a claim by the insured against the insurer under the "Pro-
tection against Uninsured Motorists" coverage of a motor vehicle policy
whereby the insurer agreed to indemnify against damages for bodily
injury to the insured which the insured should be legally entitled to re-
cover from the owner or operator of an uninsured motor vehicle, the
parties, pursuant to the policy and G. L. c. 175, § 111D, submitted to
arbitration the questions whether the insured was legally entitled to re-
cover such damages from the owner or operator of an unknown auto-
mobile which sideswiped the insured's automobile and, if so, the amount,
an award reciting that the insured's "claim . . . against" the insurer
was "denied in its entirety" meant no more than that the insured was
awarded nothing and did not disclose on its face invalidity in that the
arbitrator decided questions of coverage not submitted to him or ex-
ceeded his authority. [256–258]

An award of an arbitrator under G. L. c. 251, as appearing in St. 1960,
c. 374, § 1, need not include any statement of the reasons for the award
or the findings of fact or conclusions of law on which it is based
[258]

MOTION to vacate an award of an arbitrator, filed in the
Superior Court on March 14, 1963.

The case was heard by *Coddaire,* J.

*Philander S. Ratzkoff* for the defendant.

*William J. Conboy & Patrick H. Tenney,* for the plaintiff,
submitted a brief.

WILKINS, C.J.   The plaintiff has a claim under the cov-
erage entitled, "Protection against Uninsured Motorists"
in a Massachusetts motor vehicle liability policy issued by
the defendant to the plaintiff.   Her claim is that on March
13, 1962, while operating her car in Peabody, she was in-
jured when an unknown car sideswiped her car.   The de-
fendant denied liability.

In accordance with the policy, the plaintiff filed a demand for arbitration with the American Arbitration Association.[1] In its answer to her demand for arbitration the defendant stated, "All coverage questions which are in controversy, including but not limited to the question whether a hit and run motor vehicle was involved in the alleged accident, are not the subject matter of arbitration and the insurer expressly reserves and does not waive its right to set up as a defense any and all coverage defenses which it has to this claim." As the parties are in accord that coverage questions are not a subject for arbitration under the statute to be considered,[2] and as such questions have not been in fact made a subject of the submission presently before us, there is no such issue for us to decide.

A hearing was held before an arbitrator duly appointed in accordance with the "Accident Claims Tribunal Rules" of the association. After the arbitrator made his award the plaintiff filed a motion to vacate, G. L. c. 251, § 12 (a) (3), § 12 (c), as appearing in St. 1960, c. 374, § 1,[3] and the defendant filed a motion to confirm. G. L. c. 251, § 11, as appearing in St. 1960, c. 374, § 1. The motion to vacate was allowed, the motion to confirm was denied, and the defendant excepted and appealed. We shall consider the excep-

---

[1] Part II of the policy is entitled, "Protection against Uninsured Motorists." Among the conditions applicable to Part II is the following: "6. Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself [sic] bound and to be bound by any award made by the arbitrators pursuant to this coverage."

[2] Such is the law of New York, which is the only jurisdiction, so far as we know, where the subject has been before an appellate court. *Matter of Rosenbaum (American Sur. Co.)* 11 N. Y. 2d 310. *Matter of Motor Vehicle Acc. Indemnification Corp. (Downey)* 11 N. Y. 2d 995. *Matter of Kaiser (Motor Vehicle Acc. Indemnification Corp.)* 35 Misc. 2d (N. Y.) 636 (Supr. Ct.). *Matter of Motor Vehicle Acc. Indemnification Corp. (Stein)* 35 Misc. 2d (N. Y.) 1007 (Supr. Ct.). See 79 A. L. R. 2d 1252, 1258.

[3] "Section 12. (a) Upon application of a party, the court shall vacate an award if: —. . . (3) the arbitrators exceeded their powers."

tions and dismiss the appeal.  *G. L. Rugo & Sons, Inc.* v. *Lexington,* 338 Mass. 746, 748.

Uninsured motorist coverage is authorized by G. L. c. 175, § 111D, inserted by St. 1959, c. 438, § 2.  Under this the insurer agrees to indemnify against all damages which the insured shall be legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury to the insured caused by accident and arising out of the ownership or use of the uninsured vehicle.  The statute prescribes: "Such policy . . . shall provide that determination as to whether the insured . . . is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured . . . and the insurer or, if they fail to agree, by arbitration."  These statutory requirements appear in the policy, in which a definition of an uninsured motor vehicle embraces a hit-and-run automobile.

The crucial part of the award reads: "1.  The claim of Barbara Fazio against Employers' Group Insurance Companies is denied in its entirety."[1]  The exact name of the insurer, which is The Employers' Liability Assurance Corporation, Ltd., on motion was substituted to correct an imperfection in form not affecting the merits of the controversy.  G. L. c. 251, § 13, as appearing in St. 1960, c. 374, § 1.

The order of the judge upon the motion to vacate reads: "The arbitrator having exceeded his powers by considering and determining 'the claim of Barbara Fazio against [The] Employers . . . [Liability Assurance Corporation, Ltd.]' the award is vacated.  It is ordered that there be a rehearing before a new arbitrator chosen according to the agreement for arbitration in the insurance policy on the question of whether Barbara Fazio is legally entitled to re-

---

[1] The balance of the arbitrator's award is as follows: "2.  The administrative fees and expenses of the American Arbitration Association in the amount of sixty-seven dollars and ninety cents ($67.90) shall be borne by Barbara Fazio.  Therefore Barbara Fazio shall pay to the American Arbitration Association the sum of seventeen dollars and ninety cents ($17.90) for the administrative expenses still due to the Association.  3.  This award is in full settlement of all claims submitted to this arbitration."

cover damages from the owner or operator of an uninsured motor vehicle because of bodily injury . . . and if so, the amount . . . ."

The evidence at the hearing on the motion consisted entirely of the exhibits before us. The plaintiff's motion is based upon supposed defects apparent upon the face of the award.

A ground of the motion to vacate, as well as the sole ground of the order of the judge granting that motion, was that the arbitrator exceeded his authority. The motion also alleged that the finding did not comply with the terms of submission; that the arbitrator failed to decide the issues submitted to him; and that the award is not within the scope of the agreement of the parties.

The only basis for the contention that the arbitrator exceeded his authority is the phraseology of paragraph 1 of the award to the effect that the claim of the plaintiff against the insurer is denied "in its entirety." It is urged that the matters to be decided were the fault of the hit-and-run motorist and damages, and that following the determination of those facts there remained for the court to decide whether the plaintiff had complied with the policy. No question of coverage was submitted to the arbitrator, as clearly appears from the terms of the insurer's answer to the demand for arbitration. While evidence could have been received to try to prove the various delinquencies charged against the arbitrator (*Gaylord* v. *Norton,* 130 Mass. 74), none was offered. "It is the legal presumption, unless the contrary appears, that arbitrators pursue the submission and decide only the matters therein contained, and also that they decide all matters submitted to them. And it is incumbent on a party who seeks to impeach an award, on the ground that the arbitrators have not so done, to show that they have not." *Sperry* v. *Ricker,* 4 Allen, 17, 19–20.

We think that the language of the arbitrator, while open to improvement, does not overcome the presumption and show that he considered questions of coverage or exceeded his authority. In a broad sense the claim was against the

insurer upon which the demand for arbitration was made and which would have to pay the award, and not the hit-and-run motorist.  The use of the phrase "in its entirety" we do not interpret as meaning any more, in these circumstances, than that the plaintiff is awarded nothing.

The plaintiff further contends that the reasons for the rejection of her claim cannot be determined from the award. The plaintiff was not entitled to a statement of reasons. The only statutory requirement is that the award shall be in writing and signed by the arbitrator.  G. L. c. 251, § 8 (a), as appearing in St. 1960, c. 374, § 1.   To the same effect is Rule VII, § 33, of the Accident Claims Tribunal Rules of the American Arbitration Association.  The findings of fact and conclusions of law on which the award is based need not be given.  *Leominster* v. *Fitchburg & Worcester R.R.* 7 Allen, 38.  *Hale* v. *Friedman,* 281 F. 2d 635, 636–637 (Ct. App. D. C.).  *General Constr. Co.* v. *Hering Realty Co.* 201 F. Supp. 487, 491 (E. D. S. C.), appeal dismissed 312 F. 2d 538 (4th Cir.).  *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527.  See *Vannah* v. *Carney,* 69 Maine, 221, 223.  As has been appropriately stated in *Patton* v. *Baird,* 42 N. C. 255, 260, " [A]rbitrators are no more bound to go into particulars, and assign reasons for their award, than a jury is for its verdict.  The duty is best discharged by a simple announcement of the result of their investigations."  See cases collected in 82 A. L. R. 2d 969, 971.

It follows that the exceptions are sustained, that the order vacating the award is reversed, and that the motion to confirm the award is to be granted.  The appeal is dismissed.

*So ordered.*