The parties are brothers who agreed to submit to binding arbitration of "any and all claims and counterclaims raised in" a pending Superior Court action that arose out of the brothers' real estate ventures. In that suit, the plaintiff (Parviz) alleged breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, and sought an accounting, judicial dissolution, and injunctive relief. The defendant (Syroos) asserted counterclaims of breach of contract, breach of the implied covenant of good faith and fair dealing, claims to recover on a promissory note and for money had and received, abuse of process, violation of G. L. c. 93A, § 11, specific performance, and injunctive relief. After a two-day hearing, the arbitrator awarded Parviz $3,654,136.13 on his claims, and nothing to Syroos on his counterclaims, with each party to bear his own attorney's fees and costs. A judge of the Superior Court confirmed the award after correcting what he concluded was a mathematical error. Judgment was awarded in favor of Parviz for $3,778,028.13 plus interest and costs; Syroos's counterclaims were dismissed; Spectacular Realty, LLC, was dissolved under G. L. c. 156C; and Fenmore Realty Trust was terminated, with its beneficial interest divided equally between the parties.
Syroos has appealed, arguing that (1) the arbitrator exceeded his authority by making an award to a nonparty, (2) the arbitrator failed to decide all issues submitted to him, (3) the judge erred in modifying the award, and (4) the arbitrator's arbitrary conduct permeated the arbitration such that a new arbitration is required. We affirm.
An arbitration award is subject to a narrow scope of review, Superadio Ltd. Partnership v. Winstar Radio Prods., LLC, 446 Mass. 330, 333 (2006). That said, "[j]udicial intervention is permitted where an award 'was procured by corruption, fraud or other undue means,' [G. L. c. 251,] § 12(a )(1), or where the 'arbitrators exceeded their powers,' [G. L. c. 251,] § 12(a )(3)." Superadio Ltd. Partnership, supra at 334. "An arbitrator exceeds his authority by granting relief beyond the scope of the arbitration agreement ... by awarding relief beyond that to which the parties bound themselves ... or by awarding relief prohibited by law." Ibid., quoting from Plymouth-Carver Regional Sch. Dist. v. J. Farmer & Co., 407 Mass. 1006, 1007 (1990).
Here, Syroos contends that the arbitrator exceeded his authority by awarding damages to Unique Realty Trust (Unique), a nonparty to the arbitration. At the outset, we note that this argument was not raised below and is waived. Martins v. University of Mass. Med. Sch., 75 Mass. App. Ct. 623, 634 n.17 (2009). It also fails because it is factually infirm. The arbitrator did not award anything to Unique; only Parviz (who was a party properly before the arbitrator) received an award. The fact that the arbitrator credited Parviz for amounts paid from, as the arbitrator found, "his Unique Realty Trust account" does not mean that the arbitrator made an award to Unique.
At bottom, although styled as one concerning the arbitrator's authority, in truth Syroos's argument is an attempt to attack the arbitrator's factual determination that monies from Unique were contributed by Parviz on his own behalf, rather than on behalf of Unique. But "[a]n arbitrator's findings of fact and conclusions of law are binding even if erroneous." Conway v. CLC Bio, LLC, 87 Mass. App. Ct. 503, 505 (2015). Even were that not the case, there was ample evidence for the arbitrator's finding. Although Unique appears to have had a separate form as a realty trust, it was one hundred percent Parviz's and he was the real party in interest. Druker v. State Tax Commn., 374 Mass. 198, 201 (1978).
We are equally unpersuaded by Syroos's argument that the arbitrator was required to spell out the specific steps required to unwind the affairs of Spectacular Realty, LLC, rather than to simply order its dissolution pursuant to G. L. c. 156C, § 44. Although it is presumed that arbitrators will decide all matters submitted to them, Fazio v. Employers' Liab. Assur. Corp., 347 Mass. 254, 257 (1964), it does not follow that the arbitrator was required to do anything more than order dissolution, especially because he required the parties to take all steps necessary to achieve that end. As the judge noted, G. L. c. 156C, §§ 43, 45(b ), and 46, provide for the dissolution and winding up of an LLC. And, once confirmed, the arbitration award became a court order subject to all the ordinary remedies should one of the parties fail to comply with the order to take all necessary steps to achieve the entity's dissolution. Nothing further was required.
Syroos next argues that the judge improperly modified the arbitration award to correct mathematical errors. On pages seven through eight of the corrected final award, the arbitrator laid out his calculation of the amount to be awarded Parviz, broken down by each entity at issue. Those figures correspond to the amounts mentioned in previous paragraphs in which the arbitrator addressed his reasoning with respect to each entity. However, the chart contains an evident mathematical miscalculation resulting in a shortfall to Parviz. The sum of the subsidiary figures is $3,778,028.13, not $3,381,593.13 as the arbitrator stated. It is true that a different number, $3,654,136.13, appears on the last page of the arbitrator's award. The judge was entitled to determine that this too was a mathematical error, especially because he had the benefit of the arbitrator's detailed rationale as to each entity and the summary chart on pages seven through eight. Where "there was an evident miscalculation of figures," the judge can correct the award at the request of a party. G. L. c. 251, § 13(a )(1). "The 'evident miscalculation of figures' referred to is one which arises in the working out in mathematical terms of an agreed or assumed standard or principle." Dadak v. Commerce Ins. Co., 53 Mass. App. Ct. 302, 304-305 (2001) (citation omitted). In other words, it does not stem "from the arbitrators' adoption of particular substantive positions." Id. at 305-306. The judge's correction of the award fell within these acceptable parameters.
Finally, Syroos argues that the arbitrator engaged in arbitrary conduct by (1) ignoring agreed-to facts; (2) double counting damages; (3) ignoring his own legal conclusion resulting in an irreconcilable award; and (4) awarding damages inconsistent with the contribution made. Even if these assertions were correct (a matter we specifically do not suggest is the case), they would be no basis upon which to vacate the award. See G. L. c. 251, § 12(a ).
We deny Parviz's request, pursuant to Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979), for attorney's fees associated with this appeal, although we note that the issues raised by Syroos were not substantial.
Judgment affirmed.