[Civ. No. 40403. Second Dist., Div. Five. July 7, 1972.]

LONG BEACH IRON WORKS, INC., Plaintiff and Respondent, v.
INTERNATIONAL MOLDERS AND ALLIED WORKERS UNION OF
NORTH AMERICA, LOCAL 374 et al., Defendants and Appellants.

COUNSEL

Michael Posner for Defendants and Appellants.

Hill, Farrer & Burrill and Kenneth M. Simon for Plaintiff and Respondent.

OPINION

KAUS, P. J.—The superior court proceeding which is the genesis for the motion to dismiss on appeal to which this opinion is addressed, started with a petition to vacate an arbitration award, filed by the respondent and moving party in this court on August 5, 1971.

Before the petition was heard the appellants, on September 7, 1971, filed a motion for an order confirming the award. Respondent's petition and appellants' motion were both heard on October 19, 1971. On January 10, 1972, the court filed findings to the effect that the arbitrator had based his award on information not obtained in the arbitration hearing, that respondent's rights were substantially prejudiced by the arbitrator's conduct and that the award could not be corrected without affecting the merits of the decision on the controversy submitted to arbitration. From these findings the court concluded that the arbitrator's conduct had violated section 1282.2, subdivision (g) of the Code of Civil Procedure[1] and that the award should be vacated under the provisions of section 1282.2. An order was made vacating the award, ordering the controversy to be resubmitted to a different arbitrator and "denying"[2] appellants' motion to confirm the award. Appel-

---

[1] Unless otherwise noted all code references are to the Code of Civil Procedure.

[2] As will be seen appellants justify their appeal as being one from an order dismissing their petition to confirm the award. (Code Civ. Proc., § 1294, subd. (b).) In *Jordan* v. *Pacific Auto Ins. Co.,* 232 Cal.App.2d 127, 128-129 [42 Cal.Rptr. 556],

lants' notice of appeal is from the order of January 10, 1972, "and the whole thereof."

Respondent now moved to dismiss the appeal on the ground that under section 1294, subdivision (c) an order vacating an award is not appealable if a rehearing in arbitration is ordered as was the case here. Appellant resists the motion, pointing out that it appealed from the whole of the order of January 10 which includes an order denying appellants' motion to confirm the award. Such an order is supposedly appealable under section 1294, subdivision (b).

The pertinent provisions of section 1294 read as follows: "An aggrieved party may appeal from:

". . . . . . . . . . . . . . . . .

"(b) An order dismissing a petition to confirm, . . .

"(c) An order vacating an award unless a rehearing in arbitration is ordered."

Appellants' position is simply put: they are not attempting to pursue a nonappealable order vacating the award and ordering a rehearing, but are very much trying to pursue an appeal from an appealable order dismissing their petition to confirm the award.

It is quite obvious that the Legislature's philosophy and intent in drafting section 1294 was that there should be no appellate consideration of intermediate rulings in arbitration disputes if the superior court was of the view that there should be initial or further proceedings in arbitration. Thus, most significantly, an order compelling arbitration is not appealable. (*Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.,* 271 Cal.App.2d 675, 692-693 [77 Cal.Rptr. 100].) Similarly the Legislature expressly excepted orders vacating awards but directed rehearings in arbitration from a roster of appealable rulings in section 1294. We would pervert the legislative intent if we reviewed the validity of an order dismissing a petition to confirm, concurrently with an order vacating the award but ordering a rehearing— an order which is off limits as far as we are concerned. In so holding we do no violence to the language of section 1294, subdivision (c). We merely refuse to blind ourselves to section 1294, subdivision (b) and read the two together.

the court distinguished between an order denying a petition to vacate an award and one dismissing such a petition. Whether or not this is a distinction without a difference, respondent makes nothing of it and neither do we.

As a matter of cosmetics, rather than substance, it would probably have been better if the trial court had never ruled on the motion to confirm the award, but had put it off calendar as moot. Once the award had been vacated, there was nothing left to confirm. Had that been the form of the order, surely no appeal would even have been attempted.

The motion to dismiss the appeal is granted.

Stephens, J., and Aiso, J., concurred.