50 Mass. App. Ct. 473 (2000)                    473

Suffolk County Sheriff's Department *v.* AFSCME Council 93, AFL-CIO, Local 1134.

SUFFOLK COUNTY SHERIFF'S DEPARTMENT *vs.* AFSCME
COUNCIL 93, AFL-CIO, LOCAL 1134.

No. 98-P-1335.

Suffolk. September 12, 2000. - November 10, 2000.

Present: LENK, DREBEN, & GILLERMAN, JJ.

*Arbitration,* Judicial review. *Practice, Civil,* Dismissal of appeal.

An order of a Superior Court judge vacating an award of an arbitrator and ordering a rehearing was not a final judgment appealable under G. L. c. 150C, § 16(5). [474-475]

CIVIL ACTION commenced in the Superior Court Department on March 27, 1998.

The case was heard by *Vieri Volterra,* J.

*Wayne Soini* for the defendant.

*Maria L. Sullivan* for the plaintiff.

GILLERMAN, J. The employment of jail officer Mark Cambria was terminated in March, 1996, by the Suffolk County Sheriff's Department (employer). As authorized by the collective bargaining agreement between the parties, the grievance about that termination was heard by an arbitrator on December 22, 1997, and, on February 24, 1998, the arbitrator ruled that there was no just cause for the termination. He ordered Cambria's reinstatement with back pay, less interim earnings and benefits.

On the employer's application to the Superior Court to vacate the award of the arbitrator for having exceeded his powers, see G. L. c. 150C, § 11(*a*)(3), a judge of the Superior Court vacated the award and ordered a rehearing before a new arbitrator within sixty days. AFSCME Council 93, AFL-CIO, Local 1134 (union), representing Cambria, appealed.[1]

---

[1] Article VII, section 7, of the collective bargaining agreement provided that the "arbitrator hereunder shall be without power to alter, amend, add to, or detract from the language of this agreement. The decision of the arbitrator

We dismiss the appeal because an order vacating the award of an arbitrator *and* ordering a rehearing is not appealable under G. L. c. 150C, § 16(5). General Laws c. 150C, § 16, as inserted by St. 1959, c. 546, § 1, sets forth "six circumstances in which an appeal is authorized." *School Comm. of Agawam* v. *Agawam Educ. Assn.*, 371 Mass. 845, 846 (1977). Subparagraph (5) expressly permits an appeal from "an order vacating an award *without directing a rehearing*" (emphasis supplied). The import of that language is that an order that directs a rehearing may not be appealed.[2] *School Comm. of Quincy* v. *Quincy Educ. Assn.*, 22 Mass. App. Ct. 914, 915 (1986) (observing that an order vacating the arbitrator's award and directing a further hearing was not appealable). See *Old Rochester Regional Teacher's Club* v. *Old Rochester Regional Sch. Dist.*, 18 Mass. App. Ct. 117, 118 (1984) (appeal from an order compelling arbitration dismissed).

The result we reach here is analogous to the holding in *School Comm. of Agawam* v. *Agawam Educ. Assn.*, *supra*. There the underlying issue was the arbitrability of a grievance, and the plaintiff appealed from an order denying its application to stay the arbitration proceedings. The court dismissed the appeal, holding that the legislative purpose was "clear": while an appeal may be taken from an order granting an application to stay arbitration, G. L. c. 150C, § 16(2), an appeal from an order denying such an application may not be taken. *Id.* at 846-847.

The court explained that G. L. c. 150C, § 2, does not permit an interruption in the progress of proceedings for arbitration absent a finding that there is no agreement to arbitrate or that the claim sought to be arbitrated does not state a controversy covered by the provision for arbitration "and disputes concerning the interpretation or application of the arbitration provision are not themselves made subject to arbitration." G. L. c. 150C, § 2(*b*), as inserted by St. 1959, c. 546, § 1. Moreover, the order for a rehearing "is not an act finally adjudicating the rights of the parties affected. . . . The final adjudication will occur when the court acts after the arbitration proceeding is terminated."

---

shall be final and binding upon the parties." The judge's memorandum made no reference to this section but, based on the language in the judge's decision, we assume he considered this provision.

[2] The quoted provision appearing in c. 150C (which makes provision for arbitration in collective bargaining agreements) is identical to G. L. c. 251, § 18(*a*)(5), the Uniform Arbitration Act.

*School Comm. of Agawam* v. *Agawam Educ. Assn., supra* at 846-847. See Mass.R.Civ.P. 54(a), 365 Mass. 820 (1974) ("judgment" and "final judgment . . . mean the act of the trial court finally adjudicating the rights of the parties affected by the judgment . . .").[3]

We do not, at this point in the litigation, review the correctness of the judge's order vacating the arbitrator's award or of that award itself. As in *School Comm. of Agawam* v. *Agawam Educ. Assn., supra,* the court action stands in abeyance pending the conclusion of the course of the arbitration proceedings. *Id.* at 847. If and when the controversy does properly reach this court by an appeal from one or more of the six enumerated orders and judgment set forth in G. L. c. 150C, § 16, the decision of the first (and any subsequent) judge will be available for review. In *School Comm. of Leominster* v. *Labor Relations Comm.,* 21 Mass. App. Ct. 245 (1985), the school committee appealed from a decision and order of the Labor Relations Commission that was consistent with a judgment of the Superior Court that had reversed an earlier decision and order of the commission. We set aside the decision and order appealed from, and ordered the original decision and order reinstated. *Id.* at 253. Justice Cutter wrote, "Understandably, the Commission in 1985 may have been misled by the judge's action. It also may have felt constrained by his action to reach a new and different conclusion. This court . . . as an appellate court, is not compelled to treat the earlier erroneous decision of the Superior Court judge in the same cause as binding us (as the 'law of the case' or otherwise). This is so even if no appeal was taken to this court from that decision. If we are satisfied that a previous holding in the same case was in error, we have not only the right, but sometimes the duty, to make correction."

---

[3]Compare *Smith* v. *Arbella Mut. Ins. Co.,* 49 Mass. App. Ct. 53, 54 (2000), where a final judgment had been entered for the defendant because of a late notice of claim to the insurance company. The plaintiff did not take an appeal. Subsequently, as a result of a change in the decisional law, a judge allowed the plaintiff's motion for relief from judgment and ordered the plaintiff's claim to proceed to arbitration. A second judgment was entered to that effect. The entry of that order and second judgment was plain error. "Changes in decisional law alone are held not to be extraordinary circumstances and do not justify the reopening of a final judgment." *Id.* at 55-56. Although we noted that the order "may not be an appealable final judgment," we viewed the case as a rare one where further proceedings would be extremely wasteful, and we exercised our discretion to accept the appeal.

*Id.* at 251-252 (citations omitted). See *Relph* v. *Board of Educ. of DePue Unit Sch. Dist. No. 103*, 84 Ill. 2d 436, 442 (1981), where it was said that, on "the first time [a case has] been before" an appellate court on the merits, that court's "review may cover all matters properly raised and passed on in the course of litigation." Additional cases are collected in *School Comm. of Leominster, supra* at 252 n.10. See *School Comm. of Quincy* v. *Quincy Educ. Assn.*, 22 Mass. App. Ct. at 916.

*Appeal dismissed.*