**EAST TEXAS SALT WATER
DISPOSAL COMPANY,
INC., Petitioner,**

v.

**Richard Leon WERLINE, Respondent.**

No. 07–0135.

Supreme Court of Texas.

Argued Jan. 16, 2008.

Decided March 12, 2010.

Rehearing Denied May 7, 2010.

Gregory D. Smith, Deleith Duke Gossett, Ramey & Flock, P.C., Tyler, Jerry S. Harris, Harbour Smith Harris & Merritt, Longview, for Petitioner.

Gregory Jordan Wright, Law Office of Gregory J. Wright, Jason Andrew Holt, Bunt & Wright, P.L.L.C., Longview, for Respondent.

Justice HECHT delivered the opinion of the Court, in which Justice O'NEILL, Justice WAINWRIGHT, Justice JOHNSON, Justice WILLETT, and Justice GUZMAN joined.

The issue in this case is whether the Texas General Arbitration Act (TAA)[1] allows an appeal from a trial court's order that denies confirmation of an arbitration award and instead, vacates the award and directs that the dispute be arbitrated anew. We hold that it does and according-

ly affirm the judgment of the court of appeals.[2]

## I

Petitioner East Texas Salt Water Disposal Company, an oilfield service business, employed respondent Richard Leon Werline, an experienced petroleum engineer, as its Operations Manager under a written Employment Agreement. If the Company materially breached the Agreement, Werline had the right to terminate and receive two years' salary as severance pay. A little over halfway into the Agreement's five-year term, Werline gave notice of termination and demanded severance pay, claiming that the Company had changed his position and stripped him of his duties. The Company denied that it had breached the Agreement and contended that Werline had simply quit. As required by the Agreement, Werline and the Company submitted their dispute to "final and binding" arbitration. They selected an AAA arbitrator, who, after a three-day hearing, found for Werline and awarded him severance pay ($244,080.00), stipulated attorney fees ($28,272.50) and expenses ($11,116.76), and costs ($9,535.73).

The Company petitioned the district court to vacate, modify, or correct the award, and Werline counterclaimed for confirmation. The Company did not assert in its petition, and made no effort to establish, any of the grounds for vacating, modifying, or correcting an arbitration award under the TAA.[3] Rather, the Com-

---

1. TEX. CIV. PRAC. & REM.CODE §§ 171.001–.098. All references to the TAA are to these provisions.

2. 209 S.W.3d 888, 901 (Tex.App.-Texarkana 2006).

3. *Id.* at 898 n. 13 ("We note East Texas has not alleged any grounds [for vacatur] under the TAA.").

  The grounds for vacating an award are set out in section 171.088(a), which states: "On

application of a party, the court shall vacate an award if: (1) the award was obtained by corruption, fraud, or other undue means; (2) the rights of a party were prejudiced by: (A) evident partiality by an arbitrator appointed as a neutral arbitrator; (B) corruption in an arbitrator; or (C) misconduct or wilful misbehavior of an arbitrator; (3) the arbitrators: (A) exceeded their powers; (B) refused to postpone the hearing after a showing of sufficient cause for the postponement; (C) refused

pany argued that the award was so contrary to the evidence that it was arbitrary and capricious and therefore the arbitrator must have been biased. Although Werline objected that these were not statutory grounds for vacating an arbitration award, he and the Company submitted the verbatim record of the arbitration hearing to the court and proceeded to argue their dispute all over again.

The court's judgment denied confirmation and vacated the arbitration award, holding that "the material factual findings in the Award are so against the evidence ... that they manifest gross mistakes in fact and law".[4] The judgment also ordered that the matter be "re-submitted to arbitration by a new arbitrator with the sole issue before that Arbitrator being whether or not there was a material breach of the Employment Agreement by ETSWD [the Company] consistent with the findings in this Judgment." Those findings were:

- "There is no evidence to support a finding of a material breach of any provision of the Employment Agreement";
- "[A]n assignment of new and/or additional duties for Werline ... was ... not a material breach of the Employment Agreement";
- "The change in Werline's title ... was not a material breach of the Employment Agreement";
- "There is no evidence to support a finding that ... a material breach was committed by the Board of Directors, officers, or representatives of ETSWD with regard to Werline and the Employment Agreement"; and
- "Werline voluntarily resigned his employment with ETSWD".

Thus, the do-over the court ordered was to be one in which every material fact, and even the result itself, were already conclusively established against Werline.

Werline appealed. The court of appeals held that it had jurisdiction to consider the appeal,[5] that there was evidence to support the award,[6] and that "[t]he arbitrator did

---

to hear evidence material to the controversy; or (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection."

The grounds for modifying or correcting an award are set out in section 171.091(a), which states: "On application, the court shall modify or correct an award if: (1) the award contains: (A) an evident miscalculation of numbers; or (B) an evident mistake in the description of a person, thing, or property referred to in the award; (2) the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or (3) the form of the award is imperfect in a manner not affecting the merits of the controversy."

**4.** The court's judgment also stated that "[t]he Arbitrator ... exceeded his authority by not limiting his findings and award to those issues contractually established in the Employment Agreement", even though the Agreement called for arbitration of "any disagreement ... under any provision", and the arbitrator found that Werline was entitled to severance pay under the "Employer Breach" provision of the Agreement. The Company does not argue on appeal that the arbitrator exceeded his authority by deciding issues outside the contractual scope of arbitration.

**5.** 209 S.W.3d at 896.

**6.** *Id.* at 901. The court commented: "We are not convinced an arbitration award can be reviewed for legal sufficiency of the evidence.... However, it is not necessary for us to decide this issue since ... there is clearly more than a scintilla of evidence supporting the arbitrator's award." *Id.* at 898 n. 14. We, of course, express no opinion on the subject.

not err so egregiously as to imply bad faith or a failure to exercise honest judgment".[7] Accordingly, the court reversed the trial court's judgment and rendered judgment confirming the award.[8]

The Company petitions for review on one ground only: that the court of appeals had no jurisdiction over the appeal under section 171.098(a) of the TAA.

## II

Section 171.098(a) states:

A party may appeal a judgment or decree entered under this chapter or an order:

(1) denying an application to compel arbitration . . .;

(2) granting an application to stay arbitration . . .;

(3) confirming or denying confirmation of an award;

(4) modifying or correcting an award; or

(5) vacating an award without directing a rehearing.

The district court's judgment expressly denied confirmation of Werline's arbitration award and was thus appealable under subsection (3).

But the Company argues that the statute cannot be read so simply or so literally. Rather, the Company contends, sub-section (5) implies (though it does not state) that a court order vacating an award *and* directing a rehearing is *not* appealable, and that implication creates an exception to subsection (3), so that an order denying confirmation and therefore appealable under subsection (3) is rendered not appealable by subsection (5) if it also vacates the award and directs a rehearing. For several reasons, we disagree.

*First:* The court's judgment denying confirmation of the arbitration award fits squarely under subsection (3). The judgment is not insulated from appellate review expressly conferred under subsection (3) merely because the trial court also vacated the award and directed a rehearing. In denying Werline's request for confirmation of the award, the district court made clear that it rejected the award and all bases on which it rested. The court went so far as to hold that the material facts the parties had vigorously disputed in the first arbitration should all be established against Werline in the second arbitration.

When an arbitration award is unclear or incomplete or contains an obvious error, a limited rehearing to correct the problem is but a preface to determining confirmation, not a decision on the issue. If, for example, the arbitrator's award required clarification or interpretation,[9] a re-

---

7. *Id.* at 901. Although the Company did not assert any statutory basis for vacating the award, the court held that the common law, in addition to the TAA, allows an arbitration to be set aside for "(1) fraud; (2) misconduct; or (3) such gross mistake as would imply bad faith and failure to exercise honest judgment." *Id.* at 898 (citing *Riha v. Smulcer,* 843 S.W.2d 289, 292 (Tex.App.-Houston [14th Dist.] 1992, writ denied)). We express no opinion on this issue.

8. 209 S.W.3d at 901.

9. *See, e.g., Forsythe Int'l, S.A. v. Gibbs Oil Co.,* 915 F.2d 1017, 1020 (5th Cir.1990), *citing* *Hanford Atomic Metal Trades Council, AFL-CIO v. Gen. Elec. Co.,* 353 F.2d 302, 307–308 (9th Cir.1965) ("We share the view of the district court that the opinion required clarification and interpretation. We also share the view of the district court that this was a task to be first performed by the arbitration committee and not the court, and that the court properly remanded the matter to the arbitration committee for such clarification and interpretation."); *Hartford Steam Boiler Inspection and Ins. Co. v. Underwriters at Lloyd's and Cos. Collective,* 271 Conn. 474, 857 A.2d 893, 905–906 (2004).

hearing for that limited purpose would not necessarily be a denial of confirmation of the award, but merely a deferral of final ruling until the arbitration was complete. When rehearing is necessary for the issue of confirmation to be fully presented, vacatur pending rehearing is not appealable, not because the order falls outside subsection (5), but because it falls outside subsection (3) and the rest of section 171.098(a).

■ *Second:* The Company's argument requires that subsection (5) operate as an exception to subsection (3), even though it provides a separate basis for appeal. In essence, the Company reads subsection (3) to allow an appeal from an order denying confirmation *unless* it also vacates the award and directs rehearing. But section 171.098(a) is a disjunctive list of orders that *can* be appealed; it does not list orders that *cannot* be appealed. The five subsections are connected by "or". To equate

"denying confirmation ... or ... vacating an award without directing a rehearing"
with
denying confirmation ... but not if ... vacating an award and directing a rehearing

is a strange reading of the word "or". Instead of two separate categories of appealable orders, the Company argues there should be but one smaller category. The proper construction of section 171.098(a) gives full, literal effect to sub-

sections (3) and (5) both. An order denying confirmation can be appealed, just as subsection (3) provides, including a denial of confirmation in the form of a vacatur with rehearing; and an order vacating an arbitration award without directing rehearing can be appealed, just as subsection (5) provides.

■ *Third:* Because Texas law favors arbitration,[10] judicial review of an arbitration award is extraordinarily narrow.[11] The right of appeal provided by section 171.098(a) assures that a trial court does not exceed the limitations on its authority to review an arbitration award. Those limitations would be circumvented if re-arbitration could be ordered for reasons that would not justify denying confirmation, and appeal thereby delayed. As the United States Court of Appeals for the Fifth Circuit has observed: "Such a result would disserve the policies that promote arbitration and restrict judicial review of awards."[12] And where, as here, the parties have agreed to "final and binding" arbitration only for the Company to be given a Mulligan, their right to contract is also subverted.

■ The Company argues that the district court's order should not be appealable because it was like granting a motion for new trial in a case, which is not appealable. But the analogy does not fit. A new trial occurs in the court that granted the motion; the rehearing here is not before

---

**10.** *Prudential Sec., Inc. v. Marshall,* 909 S.W.2d 896, 898 (Tex.1995) (per curiam) ("Arbitration of disputes is strongly favored under federal and state law.") (citing, e.g., *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

**11.** *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 238 (Tex.2002) ("[W]e have long held that 'an award of arbitrators upon matters submitted to them is given the same effect as

the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it.'" (quoting *City of San Antonio v. McKenzie Constr. Co.,* 136 Tex. 315, 150 S.W.2d 989, 996 (1941) ("The courts will not overthrow an award such as this, except in a very clear case."))).

**12.** *Forsythe Int'l, S.A. v. Gibbs Oil Co.,* 915 F.2d 1017, 1020 (5th Cir.1990).

the trial court but a separate tribunal, a new arbitrator. The district court's order is more like remanding an administrative decision to the agency for further proceedings, which is ordinarily appealable.[13] A still closer analogy would be to Texas appellate procedure. An appellate court may direct a trial court to take corrective action while the appeal remains pending to allow proper presentation of the appeal,[14] and that directive is not appealable. But an appellate court judgment remanding a case to the trial court for a new trial is certainly appealable. Similarly, an order vacating an arbitration award and directing rehearing for the limited purpose of correcting, clarifying, or completing the arbitration to allow proper presentation of issues relating to confirmation is not appealable, while an order requiring a new arbitration is as final a decision as an appellate court's remand of a case to a trial court for a new trial, and therefore appealable.

*Fourth:* The law in other states does not require that we embrace the Company's argument. The TAA provides that it "shall be construed to effect its purpose and make uniform the construction of other states' law applicable to an arbitration." [15] Other states appear to differ in whether an appeal should be allowed in the situation here presented, although many cases are far from clear. In New York, where there is no statute governing appeals in arbitration cases specifically, an appeal would be allowed.[16] One other state, West Virginia, has no specific statute. The Uniform Arbitration Act [17] or the Revised Uniform Arbitration Act [18] provision regarding appeals has been adopted in thirty-four other states and the District of Columbia,[19] and two other states have

---

**13.** *See, e.g.,* Tex. Gov't Code §§ 2001.174 (allowing remand after judicial review in certain administrative cases) and 2001.901 (allowing appeal); *see also R.R. Comm'n of Tex. v. Home Transp. Co.,* 654 S.W.2d 432 (Tex. 1983), and *R.R. Comm'n of Tex. v. Vidaurri Trucking, Inc.,* 661 S.W.2d 94 (Tex.1983) (both holding final, for purposes of appeal, a trial court remand to an agency, even with certain conditions or reservations, under former Tex.Rev.Civ. Stat. Ann art. 6252–13a, § 19(e), a statutory predecessor to Tex. Gov't Code § 2001.174).

**14.** Tex.R.App. P. 44.4 ("[I]f the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals ... and ... the trial court can correct its action or failure to act ..., the court of appeals must direct the trial court to correct the error [and] will then proceed as if the erroneous action or failure to act had not occurred.").

**15.** Tex. Civ. Prac. & Rem.Code § 171.003.

**16.** *In re Baar & Beards, Inc.,* 30 N.Y.2d 649, 331 N.Y.S.2d 670, 282 N.E.2d 624, 625 (1972) ("An order vacating an arbitration award and directing a new arbitration before new arbitrators is final and appealable.").

**17.** Unif. Arbitration Act § 19(a), 7 U.L.A. 739 (1956) ("An appeal may be taken from: (1) An order denying an application to compel arbitration made under Section 2; (2) An order granting an application to stay arbitration made under Section 2(b); (3) An order confirming or denying confirmation of an award; (4) An order modifying or correcting an award; (5) An order vacating an award without directing a rehearing; or (6) A judgment or decree entered pursuant to the provisions of this act.").

**18.** Rev. Unif. Arbitration Act § 28(a), 7 U.L.A. 94 (2000) ("An appeal may be taken from: (1) an order denying a [motion] to compel arbitration; (2) an order granting a [motion] to stay arbitration; (3) an order confirming or denying confirmation of an award; (4) an order modifying or correcting an award; (5) an order vacating an award without directing a rehearing; or (6) a final judgment entered pursuant to this [Act].").

**19.** Alaska Stat. § 09.43.550; Ariz.Rev.Stat. Ann. § 12–2101.01; Ark.Code Ann. § 16–108–219; Colo.Rev.Stat. § 13–22–228; Del.Code Ann. tit. 10, § 5719; D.C.Code § 16–4427; Fla. Stat. § 682.20; Haw.Rev.Stat. § 658A–28; Idaho Code Ann. § 7–919; Ind.Code § 34–57–

similar provisions.[20] But even in these thirty-seven jurisdictions with similar statutory language, the decisions directly addressing this issue fail to reach any sort of consensus. Courts in seven states—California,[21] Kentucky,[22] Maine,[23] Nebraska,[24] Nevada,[25] North Carolina[26] and South Dakota[27]—and in the District of Columbia[28] have dismissed appeals from orders similar to the order in this case providing both for vacatur and a rehearing. Courts in four states—Arizona,[29] Massachusetts,[30] Tennessee[31] and Utah[32] have not. Courts in at least two states—Minnesota[33] and Missouri[34]—have gone both ways. Six

2–19; Iowa Code § 679A.17; Kan. Stat. Ann. § 5–418; Ky.Rev.Stat. Ann. § 417.220; Me. Rev.Stat. Ann. tit. 14, § 5945; Mass. Gen. Laws ch. 251, § 18 and ch. 150C, § 16; Minn.Stat. § 572.26; Mo.Rev.Stat. § 435.440; Mont.Code Ann. § 27–5–324; Neb.Rev.Stat. § 25–2620; Nev.Rev.Stat. § 38.247; N.J. Stat. Ann. § 2A:23B–28; N.M. Stat. § 44–7A–29; N.C. Gen.Stat. § 1–569.28; N.D. Cent.Code § 32–29.3–28; Okla. Stat. tit. 12, § 1879; Or.Rev. Stat. § 36.730; 42 Pa. Cons.Stat. § 7320; S.C.Code Ann. § 15–48–200; S.D. Codified Laws § 21–25A–35; Tenn.Code Ann. § 29–5–319; Utah Code Ann. § 78B–11–129 (amended, in 2003, at (f), to "a final judgment entered pursuant to this chapter"); Vt. Stat. Ann. tit. 12, § 5681; Va.Code Ann. § 8.01–581.016; Wash. Rev.Code § 7.04A.280; Wyo. Stat. Ann. § 1–36–119.

20. A Mississippi statute that applies only to arbitration under construction contracts uses UAA language. Miss.Code Ann. § 11–15–141. A California statute uses language similar to the UAA. Cal.Civ.Proc.Code § 1294 ("An aggrieved party may appeal from: (a) An order dismissing or denying a petition to compel arbitration. (b) An order dismissing a petition to confirm, correct or vacate an award. (c) An order vacating an award unless a rehearing in arbitration is ordered. (d) A judgment entered pursuant to this title. (e) A special order after final judgment.").

21. Long Beach Iron Works, Inc. v. Int'l Molders & Allied Workers Union of N. Am., Local 374, 26 Cal.App.3d 657, 103 Cal.Rptr. 200 (1972); accord Kamboj v. Schofield, No. C048320, 2005 WL 1581255, 2005 Cal.App. Unpub. LEXIS 5944 (Cal.Ct.App. July 7, 2005).

22. Paul Miller Ford, Inc. v. Craycraft, Nos. 2005–CA–000634–MR and 2005–CA–000692–MR, 2005 WL 1593418, 2005 Ky.App. LEXIS 152 (Ky.Ct.App. July 8, 2005).

23. Me. Dep't of Transp. v. Me. State Employees Ass'n, 581 A.2d 813 (Me.1990); Crowley–King v. Kennebec Valley Radiology, P.A., 580 A.2d 687 (Me.1990).

24. Neb. Dep't of Health & Human Servs. v. Struss, 261 Neb. 435, 623 N.W.2d 308 (2001).

25. Karcher Firestopping v. Meadow Valley Contractors, Inc., 204 P.3d 1262 (Nev.2009).

26. In re Arbitration Between the State of N.C. & Davidson & Jones Constr. Co., 72 N.C.App. 149, 323 S.E.2d 466 (1984).

27. Double Diamond Constr. v. Farmers Coop. Elevator Ass'n, 656 N.W.2d 744 (S.D.2003).

28. Connerton, Ray & Simon v. Simon, 791 A.2d 86 (D.C.2002) (per curiam).

29. Wages v. Smith Barney Harris Upham & Co., 188 Ariz. 525, 937 P.2d 715 (Ariz.Ct.App. 1997).

30. Fazio v. Employers' Liab. Assur. Corp., 347 Mass. 254, 197 N.E.2d 598 (1964); Bernard v. Hemisphere Hotel Mgmt., Inc., 16 Mass.App. Ct. 261, 450 N.E.2d 1084 (1983).

31. Boyle v. Thomas, No. 02A01–9601–CV–00022, 1997 WL 710912, 1997 Tenn.App. LEXIS 807 (Tenn.Ct.App. Nov.17, 1997).

32. Hicks v. UBS Fin. Servs., No. 20080950–CA, 2010 WL 375564, 2010 Utah App. LEXIS 20 (Utah Ct.App. Feb.4, 2010).

33. Kowler Assocs. v. Ross, 544 N.W.2d 800 (Minn.Ct.App.1996) (dismissing appeal); Safeco Ins. Co. v. Goldenberg, 435 N.W.2d 616 (Minn.Ct.App.1989) (allowing appeal).

34. Crack Team USA, Inc. v. Am. Arbitration Ass'n, 128 S.W.3d 580 (Mo.Ct.App.2004) (dismissing appeal); Air Shield Remodelers, Inc. v. Biggs, 969 S.W.2d 315 (Mo.Ct.App.1998) (allowing appeal); Nat'l Ave. Bldg. Co. v.

states have statutes more like the FAA.[35] Courts in one of those states—Ohio—appear to allow appeals when the federal courts would.[36] Two other states have statutes more like the FAA but in limited contexts.[37] Three states have statutes allowing appeals in arbitration cases as in other civil cases.[38] Of these, one, Alabama,[39] would apparently allow an appeal like the one before us. Thus, the seventeen jurisdictions, other than Texas, that have considered whether to allow appeal in a situation like the one in this case appear about evenly divided on the issue. As a result, to "make uniform the construction of other states' law" on the subject before us, as the TAA mandates,[40] is beyond our

power. We honor the statute's spirit by making matters no worse than they already are.

Two courts of appeals have concluded that an appeal should not be allowed in this situation, and to that extent, we disapprove them.[41]

\* \* \*

In sum: The district court's order denied confirmation, expressly and effectively, and was thus made appealable by the literal text of the TAA. The judgment of the court of appeals is accordingly

*Affirmed.*

Justice WILLETT filed a concurring opinion.

*Stewart,* 910 S.W.2d 334 (Mo.Ct.App.1995) (allowing appeal).

**35.** Conn. Gen.Stat. § 52–423 ("An appeal may be taken from an order confirming, vacating, modifying or correcting an award, or from a judgment or decree upon an award, as in ordinary civil actions."); La.Rev.Stat. Ann. § 9:4215 ("An appeal may be taken from an order confirming, modifying, correcting, or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action."); N.H.Rev.Stat. Ann. § 542:10 ("An appeal may be taken from an order confirming, modifying, correcting, or vacating an award, or from a judgment entered upon an award as in the case of appeals from the superior to the supreme court."); Ohio Rev.Code Ann. § 2711.15 ("An appeal may be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award."); R.I. Gen. Laws § 10–3–19 ("Any party aggrieved by any ruling or order made in any court proceeding as authorized in this chapter may obtain review as in any civil action, [including] an order confirming, modifying or vacating an award...."); Wis. Stat. § 788.15 ("An appeal may be taken from an order confirming, modifying, correcting or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action.").

**36.** *Cleveland Police Patrolmen's Ass'n v. Cleveland,* 107 Ohio App.3d 248, 668 N.E.2d 548

(1995) (allowing appeal when trial court ordered re-arbitration of the only claim made, distinguishing *Stewart v. Midwestern Indem. Co.,* 45 Ohio St.3d 124, 543 N.E.2d 1200 (1989) (disallowing appeal when trial court remanded for panel to complete arbitration by considering claim not previously decided)).

**37.** Md.Code Ann., Cts. & Jud. Proc. § 3–2B–08 (appeals from international commercial arbitrations); Mich. Comp. Laws § 600.5082 (appeals from arbitrations in domestic relations cases).

**38.** Ala.Code § 6–6–15 ("Either party may appeal from an award .... as in other cases."); Ga.Code Ann. § 9–9–16 ("Any judgment or any order considered a final judgment under this part may be appealed...."); 710 Ill. Comp. Stat. 5/18 ("Appeals may be taken in the same manner, upon the same terms, and with like effect as in civil cases.").

**39.** *Jenks v. Harris,* 990 So.2d 878 (Ala.2008).

**40.** Tex. Civ. Prac. & Rem.Code § 171.003.

**41.** *Thrivent Fin. for Lutherans v. Brock,* 251 S.W.3d 621 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Stolhandske v. Stern,* 14 S.W.3d 810, 815 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *Prudential Sec., Inc. v. Vondergoltz,* 14 S.W.3d 329 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

Chief Justice JEFFERSON filed a dissenting opinion, in which Justice MEDINA and Justice GREEN joined.

Justice WILLETT, concurring.

I join fully the Court's opinion that the Texas Arbitration Act (TAA)[1] allows an appeal when a trial court denies confirmation of an arbitration award, vacates the award, and sends the dispute back for re-arbitration. The Court explains cogently why appellate-court jurisdiction exists in a do-over situation like this, but a bit more can be said.

The governing language, section 171.098(a) of the TAA, states:

A party may appeal a judgment or decree entered under this chapter or an order:

(1) denying an application to compel arbitration . . . ;

(2) granting an application to stay arbitration . . . ;

(3) confirming or denying confirmation of an award;

(4) modifying or correcting an award; or

(5) vacating an award without directing a rehearing.

First, the Company reads more into subsection (5) than it says. By its terms subsection (5) allows an appeal when a rehearing is not granted, but does it also *dis*allow every appeal when a rehearing *is* granted? The answer, as the Court explains, depends on subsection (3), which indicates, with no indication of exception, that a judgment or decree "denying confirmation of an award" is appealable. A vacatur with rehearing is appealable if it amounts to a denial of confirmation; otherwise not.

When as here a trial court vacates an award and directs rehearing because it believes the award is wrong and should be set aside completely, the ruling is indistinguishable from a denial of confirmation appealable under subsection (3). As the Court points out, this trial court's denial of confirmation left no doubt the court was rejecting the award topside and bottom, going so far as to say the disputed facts from Arbitration 1 should be established against Werline in Arbitration 2. The Court is right that this "fits squarely under subsection (3)."[2]

Second, to construe section 171.098(a) as precluding appeal from an order vacating an arbitration award and requiring re-arbitration works an odd result, as this case illustrates. Having incurred the expense of one arbitration and one court proceeding, the parties have been ordered to do it all over again. While re-arbitration in this case would no doubt be quick, since the district court has ordered all material facts established against Werline and predetermined an award for the Company, a second arbitration and second confirmation proceeding would be additional, wasted expense to the parties. They would then face the delay and expense of a second appellate proceeding, just to arrive where they are now: with the first award confirmed, as the court of appeals has held it should have been, a result the Company has not chosen to contest in this Court. If the district court had not stacked the deck against Werline in the second arbitration,

---

1. TEX. CIV. PRAC. & REM.CODE §§ 171.001—.098.

2. 307 S.W.3d at 270. Even if the judgment had not denied confirmation expressly, the fact that it effectively did so makes it appealable under section 171.098(a). Otherwise, a trial court could determine whether its order could be appealed by tweaking the language without changing the effect. Nothing in section 171.098(a) suggests that appealability turns on such technicalities.

the redo would take even longer and cost even more.

In general, deferring appeal until after re-arbitration is not likely to be more efficient, since judicial review of arbitration awards is very limited and the issues are much narrower than those involved in the arbitrated dispute. Nor is there reason to think that mandamus review of orders requiring re-arbitration would be more efficient than appeal. On the other hand, deferring appeal allows the possibility that a trial court can avoid confirmation and the limits on its review by simply ordering re-arbitration until there is a result the court approves, or one or both parties have been exhausted. Such a construction of section 171.098(a) would not serve the purpose of arbitration, which is to provide an "expedited and less expensive disposition of a dispute." [3] Our construction does.

Third, while this case arises solely under the TAA, which is free to vary from the Federal Arbitration Act (FAA) [4] (assuming no preemption), it is worth noting that the Court's result mirrors what the result would be under federal law. Section 16 of the FAA provides in pertinent part that "[a]n appeal may be taken from ... (1) an order ... (D) confirming or denying confirmation of an award or partial award, or (E) modifying, correcting, or vacating an award...." [5] Subsection (1)(E) does not include the TAA's limiting phrase, "without directing a rehearing." The federal courts "routinely assume ... that an order vacating an arbitrator's decision but remanding for additional arbitration is appealable under § 16(a)(1)(E)...." [6] But the lack of any caveat does not mean that every vacatur is appealable. A vacatur with a remand to the same arbitrators merely for clarification does not have the degree of finality required for an appealable order.[7] Thus, federal courts have construed section 16 of the FAA to operate with respect to vacaturs the same way we construe section 171.098(a) of the TAA today: a vacatur for re-arbitration is appealable, while a vacatur merely for clarification is not.

In sum, the Company's position invites us to:

* draw an inference when none is permitted;[8]

* create an exception in a statutory provision that has none;[9]

---

**3.** *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 269 (Tex.1992).

**4.** 9 U.S.C. §§ 1–16.

**5.** *Id.* § 16(a)(1)(D)-(E).

**6.** *Bull HN Info. Sys., Inc. v. Hutson,* 229 F.3d 321, 328 (1st Cir.2000) (internal quotation marks omitted) (quoting *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan,* 195 F.3d 975, 980 (7th Cir.1999), and citing *Jays Foods, L.L.C. v. Chem. & Allied Prod. Workers Union, Local 20,* 208 F.3d 610, 613 (7th Cir.2000); *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.,* 915 F.2d 1017, 1020 (5th Cir.1990); and *Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.,* 27 F.3d 911, 914 (3rd Cir.1994)).

**7.** *Virgin Islands Hous. Auth.,* 27 F.3d at 914 ("[T]he distinction is whether the additional

hearing is ordered merely for purposes of clarification—an order that would not be appealable—or whether the remand constitutes a re-opening that would begin the arbitration all over again."); *Forsythe,* 915 F.2d at 1020 n. 1 ("Had the district court remanded to the same arbitration panel for clarification of its award, the policies disfavoring partial resolution by arbitration would preclude appellate intrusion until the arbitration was complete.").

**8.** Urging that subsection (5) implies that a vacate-and-re-arbitrate order is not appealable, thus escaping subsection (3).

**9.** Urging that subsection (5), which grants a stand-alone basis for appeal, acts as an exception to subsection (3).

- weaken the strictures on limited judicial review of arbitration awards; [10]
- create the real possibility of a serious injustice by allowing endless re-arbitrations; [11] and
- inject the disruption of needless inconsistency with the FAA.[12]

The Court is wise to decline.

Chief Justice JEFFERSON, joined by Justice MEDINA and Justice GREEN, dissenting.

The Texas General Arbitration Act (TAA) permits a party to appeal an order "confirming or denying confirmation of an award" or "vacating an award without directing a rehearing." TEX. CIV. PRAC. & REM.CODE § 171.098(a)(3), (5). In this case, the trial court vacated an arbitration award and also refused to confirm it. Had the trial court stopped there, the order would have been final and appealable. But the court also ordered a rehearing. That order makes the trial court's judgment interlocutory and, in line with almost all decisions in Texas and beyond, ineligible for appeal. By refusing to dismiss the appeal, the Court disregards a clear statutory mandate and goes against the weight of those decisions that have addressed the issue. I respectfully dissent.

## I. The trial court's interlocutory order lacks finality under the TAA.

The TAA appeals provision, adopted verbatim in 1965 from the Uniform Arbitration Act, authorizes appeals of certain trial court orders, even if they are interlocutory, as long as they have attributes of finality. See TEX. CIV. PRAC. & REM.CODE § 171.098(a); HANDBOOK OF THE NATIONAL

CONFERENCE OF COMMISSIONERS ON UNIFORM STATE LAWS, prefatory note, 162 (1955) (stating "[t]he Section on Appeals is intended to remove doubts as to what orders are appealable and to *limit appeals prior to judgment to those instances where the element of finality is present*" (emphasis added)). The interlocutory order at issue here, which mandated a rehearing of Werline's claims, lacks any "element of finality." We must abide by the Legislature's decision to exempt from appeal those cases that are bound to be reheard. *See Ogletree v. Matthews,* 262 S.W.3d 316, 319 n. 1 (Tex.2007) ("Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal."); *cf. Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 841 (Tex. 2007) (observing that we strictly construe the general interlocutory appeals statute as " 'a narrow exception to the general rule that only final judgments are appealable' " (quoting *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001))).

## II. The Court's holding conflicts with the majority of courts to examine the issue.

The TAA requires Texas courts to construe the act to "effect its purpose and make uniform the construction of other states' law applicable to an arbitration." TEX. CIV. PRAC. & REM.CODE § 171.003. Section 171.098 is identical to section 19 of the Uniform Arbitration Act, so we look not only to Texas cases but also to those from courts in other states that have adopted section 19. *Compare id.* § 171.098(a), *with* UNIF. ARBITRATION ACT § 19, 7 U.L.A. 739

---

**10.** Urging that trial courts may exceed the Legislature's pro-arbitration provisions.

**11.** Urging that parties can be forced into time- and money-wasting arbitral mulligans until the trial court is satisfied.

**12.** Urging that the TAA forbids what the FAA plainly permits.

278

(1956). The majority of Texas courts of appeals that have considered the issue have concluded that an order denying confirmation of an award, while also vacating and directing a rehearing, is not appealable. *See Thrivent Fin. for Lutherans v. Brock*, 251 S.W.3d 621, 627 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Prudential Sec., Inc. v. Vondergoltz*, 14 S.W.3d 329, 331 (Tex.App.-Houston [14th Dist.] 2000, no pet.). *But see* 209 S.W.3d 888, 895. This is the identical conclusion reached by the state supreme courts that have considered the question. *See, e.g., Me. Dep't of Transp. v. Me. State Employees Ass'n*, 581 A.2d 813, 815 (Me.1990) (stating that "[t]o allow a party to appeal before the rehearing by simply filing a motion to confirm, a motion that would be denied by the court in conjunction with its order vacating the award and directing a rehearing, would be to circumvent [provisions equivalent to TAA (a)(5) ]"); *Karcher Firestopping v. Meadow Valley Contractors, Inc.*, 204 P.3d 1262, 1265–66 (Nev. 2009) (holding that such an order is not "sufficiently final to be suitable for appellate review"); *Double Diamond Constr. v. Farmers Coop. Elevator Ass'n of Beresford*, 656 N.W.2d 744, 746 (S.D.2003) (noting that the language "without directing a rehearing" in the Nebraska statute is "meaningful and not superfluous" (internal quotations omitted)). Intermediate appellate courts in other UAA jurisdictions have come to the same conclusion. *See, e.g., Connerton, Ray & Simon v. Simon*, 791 A.2d 86, 88 (D.C.2002) (holding that "[w]hen it is apparent that an order confirming or denying confirmation of an arbitration award does not represent the conclusion of the proceeding on the merits, it lacks the quality of finality . . . and is not appealable"); *Kowler Assocs. v. Ross*, 544 N.W.2d 800, 802 (Minn.Ct.App.1996) (ruling that "when a rehearing is directed, appellate review is premature because the arbitration process has not been completed").

The Nevada Supreme Court examined the caselaw on both sides of the issue and held:

[W]e find the decisions concluding that appellate courts lack jurisdiction to review orders denying confirmation of an arbitration award and vacating the award while directing a rehearing better reasoned and more persuasive. In particular, we agree with the various courts that have concluded that the plain language of their version of [the UAA], which provides for an appeal from orders vacating an arbitration award without directing a rehearing, bars appellate review of orders vacating an award while directing a rehearing, even if the order also denies confirmation of the award, which, on its own, would be appealable under a statute analogous to [the UAA]. As noted in these decisions, because in this matter the district court directed a rehearing, permitting appellate review at this point would render [the UAA's] "without directing a rehearing" language superfluous.

Further, we agree with the conclusion reached by several courts that the statutory structure providing for appeals from arbitration-related orders, when read as a whole, is designed to permit appeals only from orders that bring an element of finality to the arbitration process. Here, the district court's order vacating the arbitration award and remanding for supplemental proceedings extended, rather than concluded, the arbitration process, and has not been identified by [the UAA] as sufficiently final to be suitable for appellate review. Accordingly, finding no statutory basis for an appeal from the district court order,

we conclude that this court lacks jurisdiction over this appeal.

*Karcher*, 204 P.3d at 1265–66.

The Court asserts that "jurisdictions, other than Texas, that have considered whether to allow appeal in a situation like the one in this case appear about evenly divided on the issue," 307 S.W.3d at 274, but the case law in fact leans the other way. *See* Stephen K. Huber, *State Regulation of Arbitration Proceedings: Judicial Review of Arbitration Awards by State Courts*, 10 CARDOZO J. CONFLICT RESOL. 509, 576 (2009) (noting that states may require re-arbitration with an appeal of the initial order awaiting completion of the arbitration process and observing that "most states have in fact adopted precisely this approach"). Of the cases enumerated by the Court, almost all are distinguishable and most were decided a decade or more ago.

The Court's reliance on a New York case, *In re Baar & Beards, Inc.*, is beside the point, because New York has no statute governing appeals in arbitration cases. The court in *Baar* turned to state common law to resolve the issue, and its analysis is therefore inapplicable for our purposes. *See In re Baar & Beards, Inc.*, 30 N.Y.2d 649, 331 N.Y.S.2d 670, 282 N.E.2d 624, 625 (1972). The Arizona and Missouri cases are also inapposite because both of those states, by statute, authorize general appeals from orders granting new trials, which is not so in Texas. *Compare Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993) ("An order granting a new trial is an unappealable, interlocutory order."), *with Wages v. Smith Barney Harris Upham & Co.*, 188 Ariz. 525, 937 P.2d 715, 719 (Ariz.Ct.App.1997), *and Nat'l Ave. Bldg. Co. v. Stewart*, 910 S.W.2d 334, 338 (Mo.Ct.App.1995) (noting that Missouri practice is distinguishable because "[The Missouri statute] specifically authorizes an appeal 'from any order granting a new trial' in any civil case"). Furthermore, as noted by the Court, Missouri case law has in fact come out both ways. *See, e.g., Crack Team USA, Inc. v. Am. Arbitration Ass'n*, 128 S.W.3d 580, 583 (Mo.Ct.App.2004) (dismissing appeal).

Although the Court cites a Massachusetts case that appears to allow an appeal from an order that denies confirmation and directs a rehearing, the case never discusses the nature of the interlocutory order, or the authority on which it grants the appeal. *See Fazio v. Employers' Liab. Assurance Corp.*, 347 Mass. 254, 197 N.E.2d 598, 600 (1964). More recent Massachusetts decisions have directly addressed the issue of orders to vacate with a rehearing (without denying confirmation), and have denied the right of appeal—without even citing *Fazio*. *See Suffolk County Sheriff's Dep't v. AFSCME Council 93*, 50 Mass. App.Ct. 473, 737 N.E.2d 1276, 1277 (2000) (holding that the ordering of a rehearing caused the judgment to not be final and appealable); *School Comm. of Quincy v. Quincy Educ. Ass'n*, 22 Mass.App.Ct. 914, 491 N.E.2d 672, 673–74 (1986) ("Since the order was one which contemplated a further hearing, it was not appealable.").

The Court also points to a recent Utah court of appeals decision allowing for appeal. However, in that case, the court was required to do so because of state precedent interpreting the Utah constitutional provision authorizing appeals, not because the UAA mandated such a result. *See Hicks v. UBS Fin. Servs., Inc.*, No. 20080950–CA, 2010 WL 375564, at *5, 2010 Utah App. LEXIS 20, at *16–*17 (Utah Ct.App. Feb.4, 2010) (noting that a "majority" of courts have dismissed such appeals, while a "minority" have allowed them).

A few cases do, in fact, support the Court's interpretation: an unpublished appellate case out of Tennessee, which pro-

vides no jurisdictional analysis, *Boyle v. Thomas*, No. 02A01–9601–CV–00022, 1997 WL 710912, at \*2, 1997 Tenn.App. LEXIS 807, at \*5 (Tenn.Ct.App. Nov.14, 1997); and a Minnesota decision which, as noted by the Court, —— S.W.3d at ——, is one of two Minnesota cases that come to opposite conclusions: one permitting appeal without discussing jurisdiction, *Safeco Ins. Co. v. Goldenberg*, 435 N.W.2d 616, 621 (Minn.Ct. App.1989), and the other disallowing appeal because it "would be inconsistent with the rules of statutory interpretation and the statutory prohibition against appeals from orders directing a rehearing," *Kowler*, 544 N.W.2d at 801. Thus, it is accurate to say that the majority of states that have arbitration statutes comparable to ours have concluded that there is no appeal from an order that vacates an award, directs a rehearing, and denies confirmation. Even more compelling is the fact that every other Texas appellate decision concerning this issue, with the exception of the court of appeals' opinion in this case, has interpreted it the same way. *See Thrivent*, 251 S.W.3d at 627; *Stolhandske v. Stern*, 14 S.W.3d 810, 813 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *Vondergoltz*, 14 S.W.3d at 331.

The TAA directs us to construe its provisions so as to "make uniform the construction of other states' law applicable to an arbitration"; we come closer to that mandate by holding that an interlocutory order that directs a rehearing may not be appealed.

### III. Precedent and statutory interpretation instruct us to treat an order vacating an award and directing a rehearing as the functional equivalent of an order granting a new trial.

The Court takes issue with the analogy drawn between the district court's order in this case and the granting of a motion for new trial. 307 S.W.3d at 271 ("The Company argues that the district court's order should not be appealable because it was like granting a motion for new trial in a case, which is not appealable. But the analogy does not fit.").

Whether the Court can find a more fitting analogy is beside the point: both precedent and the statute itself direct us to treat much of the process as we would a civil trial, and "an order vacating an arbitration award and directing a rehearing is the functional equivalent of an order granting a new trial." *Stolhandske*, 14 S.W.3d at 814; *see also Bison Bldg. Materials, Ltd. v. Aldridge*, 263 S.W.3d 69, 75 (Tex.App.-Houston [1st Dist.] 2006, pet. granted) (holding that order to vacate award and order new arbitration " 'is the functional equivalent of an order granting a new trial' " and therefore not subject to direct appellate review (quoting *Stolhandske*, 14 S.W.3d at 814)); *Thrivent*, 251 S.W.3d at 623 (same); *Me. Dep't of Transp.*, 581 A.2d at 815 (holding that barring appeal from an order that vacates an arbitration award and directs a rehearing "is consistent with the policy of barring an immediate appeal from the granting of a new trial in a civil case"); *Minn. Teamsters Pub. & Law Enforcement Employees Union, Local No. 320 v. County of Carver*, 571 N.W.2d 598, 599 (Minn.Ct.App.1997) (holding that order vacating award and ordering rehearing is analogous to order granting new trial).

Notably, the TAA looks to civil court procedure to define how parties are to conduct multiple aspects of the arbitration and appeals process, including the taking of oaths, TEX. CIV. PRAC. & REM.CODE § 171.049, depositions, *id.* § 171.050(b), subpoenas, *id.* § 171.051(d), witness fees, *id.* § 171.052, notice requirements, *id.* § 171.093, service of process for subse-

quent applications, *id.* § 171.095(a), and, most relevant of all, appealing orders: "The appeal shall be taken in the manner and to the same extent as an appeal from an order or judgment in a civil action," *id.* § 171.098(b). Because the appeal must be taken "in the same manner" and "to the same extent" as an appeal from a judgment in a civil action, we have no discretion to ignore the interlocutory character of the trial court's rehearing order.

## IV. The concurrence observes that the Court's result "mirrors what the result would be under federal law" but ignores the substantive differences between the FAA and the TAA.

This case concerns only the Texas Arbitration Act, not its federal counterpart, which perhaps explains why the Court rejects JUSTICE WILLETT's proposal to conflate the two. *See* Huber, *supra,* at 577 ("Neither the Supreme Court nor any federal court of appeals have seriously suggested, let alone decided, that [the FAA appeals provision] supplants different state law in state courts."). Where parties agree to abide by state rules of arbitration, and where the dispute is not preempted by the FAA, courts apply state law, even when it differs from the FAA. *Ford v. NYLCare Health Plans of the Gulf Coast, Inc.,* 141 F.3d 243, 248 (5th Cir.1998) ("'Where ... the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA, even if the result is that arbitration is stayed where the [FAA] would otherwise permit it to go forward.'" (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,* 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989))). The TAA prohibits appeal of an order "vacating an award without directing a rehearing"; the FAA omits "without directing a rehearing" from its appellate provision. *Compare* 9 U.S.C. § 16, *with* TEX. CIV. PRAC. & REM.CODE § 171.098(a)(5). That the Court's interpretation leads to an identical result under both statutes only highlights the fact that the words "without directing a rehearing" are now superfluous under Texas law. *See Vondergoltz,* 14 S.W.3d at 331 ("To hold [that an appeal was allowed] would render the language 'without directing a rehearing' without effect and would elevate form over substance...."); *see also First Am. Title Ins. Co. v. Combs,* 258 S.W.3d 627, 631 (Tex. 2008) (holding that a court must interpret the words of a statute "according to their common meaning in a way that gives effect to every word, clause, and sentence" (internal quotations omitted)).

The Court and the concurrence rewrite the TAA to make it consistent with the FAA, even though the TAA explicitly differs. This is contrary to the TAA's plain language as well as its mandate—that we construe it "to effect its purpose and make uniform the construction of *other states'* law applicable to an arbitration." TEX. CIV. PRAC. & REM.CODE § 171.003 (emphasis added); *see also* TEX. GOV'T CODE § 311.028 ("A uniform act included in a code shall be construed to effect its general purpose to make uniform the law of those states that enact it."). Texas, not federal, law governs this case, and that law is clear: a party may not appeal an order that grants rehearing.

## V. Section 171.098(a)(5) is uniformly interpreted to prohibit appeals when a rehearing is granted.

The concurrence also argues that "subsection (5) allows an appeal when a rehearing is not granted," but does not "*dis*allow every appeal when a rehearing *is* granted." 307 S.W.3d at 275. Instead, the concurrence crafts an exception for a vaca-

tur with rehearing that "amounts to a denial of confirmation." *Id.* at 275. This interpretation sidesteps the statute's plain language, further eviscerating subsection (5)'s policy that disallows an appeal when an order, which grants a rehearing, is interlocutory. Even the court of appeals in this case rejected such an argument, conceding that "[u]nder the plain language of the statute, a party can appeal the denial of an application to confirm an arbitration award, but cannot appeal an order which vacates an award and directs a rehearing." 209 S.W.3d at 893. Furthermore, the concurrence's argument contradicts every other court's construal of the statute. *See Thrivent*, 251 S.W.3d at 622–23; *J.D. Edwards World Solutions Co. v. Estes, Inc.*, 91 S.W.3d 836, 839–40 (Tex.App.-Fort Worth 2002, pet. denied); *Poole v. USAA Cas. Ins. Co.*, No. 14–99–00740–CV, No. 14–99–01056–CV, 2000 WL 1721150, at *1, 2000 Tex.App. LEXIS 6825, at *3–*4 (Tex. App.-Houston [14th Dist.] Oct. 12, 2000, pet. denied) (not designated for publication); *Vondergoltz*, 14 S.W.3d at 331. Finally, this argument is contrary to the prevailing view among state courts outside of Texas as well, which have held that an order vacating an award and directing a rehearing (without denying confirmation) is not final and appealable. *See City of Fort Lauderdale v. Fraternal Order of Police, Lodge No. 31*, 582 So.2d 162, 162–63 (Fla.Dist.Ct.App.1991) (holding that a rehearing order is interlocutory and not appealable); *Carner v. Freedman*, 175 So.2d 70, 71 (Fla.Dist.Ct.App.1965) (holding that an appeal from an order vacating an award while directing a rehearing is an appeal "improvidently taken"); *Max Rieke & Bros., Inc. v. Van Deurzen & Assocs., P.A.*, 34 Kan.App.2d 340, 118 P.3d 704, 706–08 (2005) (holding that a rehearing order was not final or appealable); *Crack Team*, 128 S.W.3d at 583 (holding that Missouri's version of 171.098(a)(5) "implic-

itly bars appeals from orders that direct a rehearing"); *Neb. Dep't of Health and Human Servs. v. Struss*, 261 Neb. 435, 623 N.W.2d 308, 314 (2001) (finding an order directing a rehearing premature for review); *Boyce v. St. Paul Prop. & Liab. Ins. Co.*, 421 Pa.Super. 582, 618 A.2d 962, 969 n. 4 (1992) (holding that Pennsylvania's equivalent of 171.098(a)(5) implies that "an appeal cannot be taken from an order vacating an arbitration award *and directing a rehearing*"); *Double Diamond Constr.*, 656 N.W.2d at 746 (holding that "when a rehearing is ordered the decision to vacate is not appealable").

## VI. Conclusion

The Court and the concurrence fear that a trial court can avoid confirmation by simply ordering rearbitration until the court likes the result, or one or both parties have given up. I share that concern. But a trial court's rehearing order does not confer jurisdiction where the Legislature has said none exists. Appellate jurisdiction should not hinge on whether the trial court, in conjunction with an order vacating an award and directing rehearing, denies rather than dismisses as moot a motion to confirm. *See Me. Dep't of Transp.*, 581 A.2d at 815 (noting that a trial court "should not even consider a motion to confirm once the court has granted a motion to vacate, because vacating an arbitration award renders determination of a motion to confirm the award moot"). The TAA does not authorize an appeal of an order that directs a rehearing. I would reverse the court of appeals' judgment and dismiss the appeal. Because the Court does otherwise, I respectfully dissent.