**Dismissed and Memorandum Opinion filed February 9, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

NO. 14-11-00916-CV

_____

**SAFEER HASSAN, Appellant**

**V.**

**SHABRAHRAM YAZDANI-BEIOKY, Appellee**

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-50350**

## M E M O R A N D U M   O P I N I O N

This is an attempted interlocutory appeal from an order after arbitration. The arbitrators awarded damages of $70,000, attorney's fees of $14,700, and expenses of $16,518.24 to appellant. Appellant moved to confirm the arbitration award, and appellee moved to vacate or modify the award. The trial court issued a ruling on appellee's motion, ordering "the lawsuit referred back to the arbitration panel . . . to determine whether the attorneys' fees and administrative fees and expenses awarded by this arbitration panel are

allowed . . . ." The order did not expressly state whether it confirmed or vacated the arbitration award; however, the order did not disturb the award of $70,000 in damages.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only if permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Section 171.098(a) of the Texas General Arbitration Act (TAA) states:

> A party may appeal a judgment or decree entered under this chapter or an order:
> (1) denying an application to compel arbitration . . .;
> (2) granting an application to stay arbitration . . .;
> (3) confirming or denying confirmation of an award;
> (4) modifying or correcting an award; or
> (5) vacating an award without directing a rehearing.

Tex. Civ. Prac. & Rem. Code § 171.098(a). Because it appeared to this court that the trial court's order is not one which may be appealed pursuant to section 171.098, we notified the parties that the appeal would be dismissed for want of jurisdiction unless any party filed a response demonstrating that this court has jurisdiction over the appeal. Appellant filed a response, arguing that the trial court's order is an order "denying confirmation of an award," and is therefore appealable. We disagree.

The Texas Supreme Court has recently clarified when an order may be appealed under section 171.098. An order vacating an arbitration award and directing rehearing for the limited purpose of correcting, clarifying, or completing the arbitration to allow proper presentation of issues relating to confirmation is *not* appealable, while an order requiring a new arbitration is as final a decision as an appellate court's remand of a case to a trial court for a new trial, and therefore is appealable. *East Texas Salt Water Disposal Co., Inc. v. Werline*, 307 S.W.3d 267, 272 (Tex. 2010). When rehearing is necessary for the issue of confirmation to be fully presented, vacatur pending rehearing is not appealable. *Id.* at

2

271. This is so because the order falls outside subsection (3) and the rest of section 171.098(a). *Id.* If, for example, the arbitrator's award required clarification or interpretation, a rehearing for that limited purpose would not necessarily be a denial of confirmation of the award, but merely a deferral of a final ruling until the arbitration was complete. *Id.* at 271-72.

In *Werline,* the Texas Supreme Court explained that in denying the request for confirmation of the award, the district court had made it clear that it completely rejected the entire award. *Id.* at 270. "The district court's order denied confirmation, expressly and effectively, and was thus made appealable by the literal text of the TAA." *Id.* at 274.

In this case, the trial court has directed the arbitrators to determine whether the attorney's fees and expenses awarded are allowed under the parties' contract, in conformity with the Arbitration Act. *See* Tex. Civ. Prac. & Rem. Code §§ 171.048(c), 171.055. The entire arbitration award has not been vacated. Therefore, the order is not appealable.

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.